In The Court of Criminal Appeals
Austin, Texas

80,097-02

Benny Lee Montgomery
-V- Appellant

The State of Texas
Appellee

No. WR-80,097-02

Tr. Ct. No. CR34858 "B"

MOTION DISMISSED
DATE: 3-3-15
BY: PC

Appellant's Rule 2 Suspension Motion

To The Honorable Court of Appeals;

Comes Now, Respectfully, Benny Lee Montgomery, Appellant in The Above styled and numbered cause who is proceeding in pro se, Files And submits this his Appellant's Rule 2 Motion and in support, The Appellant will show;

I.

The Appellant is filing A Motion for Rehearing En Banc And respectfully Ask The Court to suspend the Rule which requires additional copies, due to the fact that the Appellant is unable to timely obtain copies.

Wherefore, Appellant prays that The Court will grant this motion and suspend The Rule, requiring additional copies

Respectfully Submitted

*Benny Lee. Montgomery*

Benny Lee Montgomery 1589407
Stevenson Unit
1525 FM 766
Cuero, Texas 77954

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 26 2015

Abel Acosta, Clerk

In The Court of Criminal Appeals
Austin, Texas

Benny Lee Montgomery
Appellant

-v-

The State of Texas
Appellee

WR-80,097-02

Tr Ct. No: CR34858 "B"

Evidentiary Hearing Requested

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 2 6 2015

Abel Acosta, Clerk

## Motion For Rehearing En Banc

To The Honorable Court of Appeals;

Now Comes, Appellant, Benny Lee Montgomery, and respectfully Files and Submits This his Motion For Rehearing En Banc in The Above Court and in support The Appellant will show in the following;

### I.

On December the 12th 2014 Appellant filed his 11.07 with The district court in Midland, Texas as required by law. Until recieving a white card from The Court of Criminal Appeals in Austin, he not once knew his Writ for Habeas Corpus was filed or had a file Number for his writ, Further filing a Mandamus with This Court WR-80,097-03 Appellant states he never recieved confirmation from the court in Midland, Tx. That his writ was even filed. The rules of 11.07 or plain in there statute. This court in Midland, never sent This writ of Habeas to The district Attorneys office to do his objections and The trial court judge has made no conclusion of law and This The Face of facts. The Court of Criminal Appeals denied The writ on The findings of The trial court. What were these finds?

(1).

## II.
### Points of Error To Be Re Heard

The Evidence is Legally Insufficient To Substain The Verdict;

The Due Process Clause of the U.S. and Texas Constitutions protect a defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged", IN RE Winship, 397 U.S. 358, 90 S.Ct. 1068 (1970). See Also Richardson-v-State, 879 SW2d 874 (Tex.Crim App. 1993). In Brooks-v-State 323 S.W. 3d 893 2010 WL 389413 (Tex Crim App. 2010), the Court of Criminal Appeals eliminated factual sufficiency review from The Texas Criminal Law Jurisprudence. The court concluded that the legal Sufficiency standard of Jackson-v-Virginia, is The sole test for determining evidentiary sufficiency in Texas cases,

In the course of eliminating factual sufficiency review, The Court explained The searching inquiry that is appropriate in a legal Sufficiency analysis under Jackson-v-Virginia. Under This strenuous inquiry as to legal sufficiency, The evidence here will not be found Sufficient. Ultimately, The importance of Brooks-v-State, is that The Court recognized That legal sufficiency is not established simply because a witness gives testimony that establishes The elements of The offense. The reviewing court must determine if a finding of guilt is a rational finding which involves more Than just a review of The record to see if The correct words were spoken,

In The case at bar, the police were in the initial stages of investigating A Crime Stoppers' tip regarding the sale of narcotics when police went to The motel. The police did not have probable cause for a search warrant based on that tip, and The facts and circumstances

(2).

leading up to the police officers entry did not give them probable cause to enter the room. See *State v. Triana* 293 SW3d 224 (Tex-App-San Antonio 2009 pet. ref'd). (no probable cause where police conducting a narcotics investigation entered motel room through open door after (1) seeing occupant abruptly cease conversation and enter motel room as police approach and (2) hearing the toilet flush); See also *State v. Steelman* 93 SW3d 102, 108 (Tex-Crim App. 2002) (anonymous tip does not constitute probable cause). Nothing in our statutes or Constitution requires any citizen to respond to a knock on his door by opening it. *Rodriguez v. State* 653 S.W. 2d 305, 307 (Tex. Crim App. 1983). The circumstances known to the police in this case would not lead a reasonably prudent person to believe that narcotics would be located in the motel room. Probable cause was not present. The police warrantless entry into the motel room occupied by Appellant was made without probable cause and without consent and was, therefore, unreasonable. The fourth Amendment permits a limited protective sweep "in conjunction with an in-home sweep or arrest" when the police possesses a reasonable belief that the area to be swept harbors and individual posing a danger to those on the arrest scene. *Buie*, 494 U.S. at 337; *Reasor*, 12 SW3d at 846. At the time of the sweep at this time their had been only one arrest in this case Holding that the arrest made outside of the motel room was not connected to the motel room. And the arrest made outside did not justify and entry into or a protective sweep of the room or bathroom. See, *Valtierra*, 310 SW3d at 452 (stating that court of appeals was correct in concluding that "protective sweep did not justify police walk down the hallway). Accordingly the trial court should have suppressed

(3).

the evidence obtained by police entry and sweep of the motel room.

After entering the motel room, and conducting a protective sweep, and arresting Appellant for tampering with evidence, police obtained Loudd's consent to search the room. The cocaine that Appellant was convicted of possessing was found during that consensual search. In a nightstand by the bed that Loudd rented. As the person who rented the motel room, Loudd had actual authority to consent to the search. Appellant assumed the risk that Loudd could consent to a search of the room and he "may not complain of that search under the forth Amendment." Loudd was the occupant renter of this room, no drugs was found on Appellant or around him in the bathroom. The occupant of the room is responsible for their own belongings. The occupant knew she was going to jail and tried to deal out, by putting the blame on Appellant.

The trial court abused its discretion by admitting inadmissible evidence from a warrantless search and illegal arrest where they found contraband that they encountered, but never would have if they'd followed technical police procedure, by properly obtaining a warrant and consent without exploiting it. After a reversal on a consolidated change the court failed to acknowledge that taint had not dissipated after police intrusion.

2. Abuse of Disscretion by the trial Judge for violating Appellant's right to crossexamine and confront witness against him.
   The trial judge allowed and affidavit to be submitted by the prosecution by Loudd who was not present in court to take the witness stand and be crossexamined by the defense.

(4).

the sixth Amendment to our Constitution requires, In all criminal prosecutions, The Accused shall enjoy The right to a speedy And public trial, by an impartial jury of The State and district wherein The crime shall have been committed.... And to be informed of The nature and cause of The Accusation; to be confronted with The witnesses against him; to have compulsory process for obtaining witnesses in his favor, And to have The Assistance of Counsel for his defense. The judge by not allowing Appellant his right of confrontation was denied due process under Texas Code of Criminal Procedures and Texas Constitution, along with The United States Constitution. A decision is in conflict when prejudice is shown, The court must examine both The testimony and all evidence to determine whether There has been a miscarriage of justice, such as has been in this case. There is a reasonable probability of a different outcome, if The defense had of been able to cross examine Ladd in open court, And prove to The court she was a criminal on The run from The law and a drug abuser and whore.

3. Ineffective Assistance of counsel, For failing to hold a running objection to The due process violation, of not being allowed to cross examine, The only witness That the state had against The Appellant. And of not objecting to The possession charge against The Appellant, when the appellant had No drugs found on or Around him.

4. Actual Innocent.
Appellant is actually innocent of this crime and in No way washe

(5).

Found with Any drugs on him during his Arrest or is he responsible for what Loudd had in her Motel Room when he came to visit. Appellant states he is actually innocent of This crime of possession And there is no sufficient evidence to prove otherwise. The tampering charge was reversed and thrown out of court by The 11th Court of Appeals, Their is no evidence other than what was found in Loudd's room That was not rented by Appellant. As is The case, the issue is not whether Appellant is innocent but whether, if he had a competent lawyer And not abused by The court would he have had a reasonable chance (it need't be 50 percent of greater chance; Miller v. Anderson 255 f3d 455, 459 (7th Cir 2011). of being innocent And aquitted; given That guilt must be proved beyond a reasonable doubt, guilty people are often aquitted also. Appellant did not make Any admission to police, And the statements he made, proved nothing. Reasonable jurors could have believe That Appellant was merely being uncooperative with The police At The time of questioning. Appellant never made Any Admissions to The police. The closest thing to direct evidence Connecting him to a crime was The affidavit of Loudd's. Had The jury heard testimony From Loudd, There is A reasonable probability of a different outcome.

For the foregoing reasons, Appellant prays This court grant rehearing And/or rehearing en banc, He Further prays for A reversal of the possession charge And Any other and further relief which The Court deems just and proper under the circumstances.

Respectfully Submitted

Benny Lee Montgomery
PRO SE
Appellant

(6).

## Certificate of Service

The undersigned hereby certifies That a copy of The Foregoing was mailed, postage prepaid This 23rd day of February 2015 to; Abel Acosta, clerk of courts for The Criminal Court of Appeals P.O. Box 12308 Capitol Station, Austin Texas 78711

Benny Lee. Montgomery
Appellant

Feb 22, 2015

Benny Lee Montgomery, #1589407
Stevenson Unit
1525 FM 766
Cuero, Texas. 77954

Dear Clerk,
   Please file with the court my Motion to Suspend additional copies and my Petition for Motion for Rehearing En Bank.
Thank you for your time and consideration in this matter.
I await your reply.

Respectfully
Benny Lee. Montgomery
Pro Se, Appellant